IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD and UNICORN GLOBAL, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 20-cv-5905 |
| v. | ) ) ) | Judge Steven C. Seeger Magistrate Judge M. David Weisman |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) ) ) | **FILED UNDER SEAL** |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR ELECTRONIC SERVICE OF PROCESS UNDER
FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

Under Federal Rule of Civil Procedure 4(f)(3) ("Rule 4(f)(3)"), Plaintiffs Hangzhou Chic Intelligent Technology Co. ("Chic") and Unicorn Global, Inc. ("Unicorn") request authorization to serve process electronically by publishing a link to the Amended Complaint, the Temporary Restraining Order, and other relevant documents on a website and by sending an e-mail to the e-mail addresses that will be identified through expedited discovery provided by third parties that includes a link to said website. Notice by electronic publication and e-mail, along with any notice that Defendants receive from payment processors, is reasonably calculated under all circumstances to notify Defendants of this action and afford them an opportunity to object.

Electronic service is appropriate here because foreign internet store operators offering for sale and selling infringing products typically: (1) provide incomplete and/or false names and physical address information to conceal their locations and to avoid liability for their unlawful conduct; and (2) primarily rely on electronic communications to communicate with third party

service providers and customers, demonstrating the reliability of the proposed method of service. Declaration of Arthur Yuan, dated August 17, 2020 ("Yuan Declaration") ¶ 2. Electronic service by e-mail and online publication is beneficial to the parties and the Court, as it allows for prompt service and the ability to move this action forward. Electronic service is appropriate and warranted here. *See Rio Props., Inc. v. Rio Int'l Interlink*, 283 F.3d 1007, 1014 (9th Cir. 2002) (holding that because the defendant conducted its business over the internet, used e-mail regularly, and encouraged contact by email, that service by e-mail was constitutionally accepted).

Upon information and belief, Defendants are all residents of China, which is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"). Yuan Decl. ¶ 4. Even though the Hague Convention provides that it "shall not apply where the address of the person to be served" is unknown, Courts routinely permit alternative service under Rule 4(f). *See e.g., In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *see also Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)). The Hague Convention does displace Rule 4(f)(3). *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976 (5th Cir. 2018) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."). Additionally, neither the Hague Convention nor the laws of China appear to prohibit e-mail service. *See* Yuan Decl. ¶ 5.

Plaintiffs are not required to attempt service of process of Defendants by traditional methods prior to requesting alternative service. *See Rio Props.*, 284 F.3d at 1014-15 (holding that

no hierarchy of preferred methods of service). Service by e-mail is simply one option, among others, used to serve international defendants, and is not a "last resort" or "extraordinary." *See id.*

Accordingly, Plaintiffs request permission to serve Defendants by e-mail and electronic publication. The proposed Temporary Restraining Order includes authorization for electronic service and provides for issuance of a single original summons in the name of "Runchenyun and all other Defendants identified in the Complaint" that shall apply to all Defendants in accordance with Rule 4(b).

Date: October 9, 2020

Respectfully Submitted,

LOEB & LOEB LLP

By: /s/ *Adam Kelly*
Adam Kelly
Doug Masters
Arthur Yuan
321 North Clark Street, Suite 2300
Chicago, Illinois 60654
Tel.: (312) 464-3100
Fax: (312) 464-3111
Email: akelly@loeb.com
Email: dmasters@loeb.com
Email: ayuan@loeb.com

Christopher Binns (admitted *pro hac vice*)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Tel.: (212) 407-4000
Fax: (212) 407-4990
Email: cbinns@loeb.com

*Attorneys for Plaintiffs*