IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD and UNICORN GLOBAL, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 20-cv-5905 |
| v. | ) ) ) | Judge Steven C. Seeger Magistrate Judge M. David Weisman |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiffs Hangzhou Chic Intelligent Technology Co., Ltd. and Unicorn Global, Inc. ("Plaintiffs") file this Motion requesting leave to file the following documents under seal: (1) Exhibit 1 of the Complaint; (2) Schedule A attached to the Complaint, which identifies e-commerce stores ("Defendant Internet Stores") operating under the seller aliases ("Seller Aliases"); (3) Corrected Exhibit 1 of the Complaint; (4) Corrected Schedule A attached to the Complaint, which identifies e-commerce stores ("Defendant Internet Stores") operating under the seller aliases ("Seller Aliases"); (5) Plaintiffs' Motion for Entry of a Temporary Restraining Order ("TRO"), including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, and accompanying supporting memorandum, declarations, and exhibits; and (6) Plaintiffs' Motion for Electronic Service of Process under Fed. R. Civ. P. 4(f)(3), and accompanying supporting memorandum, declaration, and exhibits. Plaintiffs further request leave to maintain the following caption in this case: "*Hangzhou Chic Intelligent Technology Co., Ltd*

*and Unicorn Global, Inc., v. The Partnerships and Unincorporated Associations Identified on Schedule A.*"

As an initial matter, Plaintiffs file this motion electronically in compliance with the Court's Sixth Amended General Order 20-0012, dated September 2, 2020, ("General Order 20-0012") that provides "[n]o motions may be noticed for in-person presentment." Plaintiffs request the Court's forbearance in filing the Complaint with a partially anonymous caption without leave, as doing so prior to electronically filing the Complaint would require an in-person presentment of this motion in violation of General Order 20-0012.

The aforementioned documents should be sealed for two reasons: (1) to prevent Defendants from fraudulently transferring assets (*i.e.*, money, infringing products, and discovery associated with infringing activities) outside this Court's jurisdiction *before* public disclosure of the TRO; and (2) to prevent Defendants from creating new infringing stores *before* public disclosure of the TRO and *prior to* obtaining the necessary discovery from the third-party online retailers, such as Walmart and Amazon. *See Bulgari, S.P.A. v. P'ships & Unincorporated Assocs.*, No. 14-cv-4819, 2014 U.S. Dist. LEXIS 107218, at *23 (N.D. Ill. July 18, 2014) (recognizing that the defendants may attempt to move assets from U.S.-based financial institutions to avoid enforcement efforts).

The Defendants here are atypical litigants who do not operate legitimate businesses with attachable assets and identifiable personnel in the U.S. The Defendants operate fictitious stores under fictitious monikers, and do so intentionally to evade any enforcement efforts associated with selling infringing products in the U.S. This well-documented business model is based on secrecy, disinformation, and the anonymity afforded to online marketplaces. The U.S. Department of Homeland Security recently reported that these types of defendants "hedge against the risk of being caught and their websites taken down from an e-commerce platform by preemptively establishing

2

multiple virtual store-fronts." *See* Compl. ¶ 30, Ex. 4, "Combating Trafficking in Counterfeit and Pirated Goods," p. 21-22. The Defendants are counting on and will abuse the transparency associated with this Court. Accordingly, these unlawful tactics require a unique approach to enforcing patent rights—one which other Courts in this District have endorsed by temporarily sealing TROs until third-party online marketplace platforms can be notified (and the corresponding information obtained) *and* until U.S.-based assets are frozen. *See* Ex. A (*ABC Corporation Cases*).

Turning to the merits, a sealing order should be issued to prevent Defendants from transferring assets (*i.e.*, money, infringing products, and discovery associated with infringing activities) outside of this Court's jurisdiction *before* their identities are publicly known. These Defendants operate in China, and upon notice of the TRO, they will fraudulently transfer U.S.-based assets outside of the United States *before* the assets can be frozen and the necessary discovery is obtained. Plaintiffs' thereafter will be unable to secure any monetary payment or the required discovery concerning Defendants' unlawful conduct, effectively mooting this enforcement action and diminishing the value of Plaintiffs' patents. *See Tory Burch LLC v. P'ships*, No. 13-cv-2059, 2013 U.S. Dist. LEXIS 43173, at *28-29 (N.D. Ill. Mar. 27, 2013) ("Because the Defendants in this case are located overseas and have gone through great lengths to conceal their identities and avoid detection, it is likely that this Court's restraining order would be of little value if the Plaintiffs are unable to discover the Defendants' bank accounts and serve the financial institutions maintaining those accounts.").

Absent a sealing order, Defendants will learn of the lawsuit and transfer their monetary assets a bank in China that will not comply with U.S. subpoenas. Defendants may also destroy discovery and conceal any infringing products from detection. Again, the Defendants have no legitimate addresses, no trustworthy contact information, and do so to evade enforcement actions

such as here. Thus, a sealing order is warranted because it will prevent Defendants from learning of this enforcement action *prior* to concealing the infringing products and destroying discovery, and *prior* to Plaintiffs serving subpoenas to U.S. financial institutions and freezing Defendants' monetary assets in the U.S. *See Tory Burch LLC*, 2013 U.S. Dist. LEXIS 43173, at *28-29; *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13-cv-2167, 2013 U.S. Dist. LEXIS 47248, at *28-29 (N.D. Ill. Mar. 27, 2013).

Second, typically, if enforcement efforts are avoided, a defendant still has attachable and identifiable assets and personnel, limiting a defendant's ability to destroy evidence or hide resources. If the aforementioned documents are disclosed to the public now, the Defendants here and the stores they operate will disappear prior to Plaintiffs obtaining the necessary discovery from the online retailers that host the Defendants' stores, such as email addresses and banking information. This distinction is critical because the Defendants exist virtually under fictitious names while operating outside this Court's jurisdiction, and permitting Plaintiffs to file the requested documents under seal will allow Plaintiffs, if a TRO is granted, to obtain the necessary information from third-parties within this Court's jurisdiction *prior to* Defendants' inevitable disappearance and asset transfers.

For example, consider the Defendant who operates on eBay.com ("eBay") and is made aware of the TRO prior to Plaintiffs obtaining any information from eBay. Plaintiffs timely serve expedited discovery on eBay regarding the Defendant, but such information is no longer available. Why? Because after the TRO was made public, the Defendant deleted all information associated with the store itself, including, email addresses, products, account information, *etc*. Plaintiffs are therefore unable to enforce the TRO and the value of their patents is significantly diminished. This scenario is almost guaranteed to occur without a sealing order—an order that will allow Plaintiffs

to both obtain material information from third-parties and freeze U.S.-based assets prior to any fraudulent transfer or destruction. Courts in this District have held that such a showing is adequately sufficient for a sealing order. See Ex. A (*ABC Corporation Cases*).

Once the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents. Accordingly, Plaintiffs request that this Court seal the aforementioned documents, and allow Defendants to remain anonymous in the case caption.

Date: October 9, 2020

Respectfully Submitted,

LOEB & LOEB LLP

By:   /s/ *Adam Kelly*
Adam Kelly
Douglas Masters
Arthur Yuan
321 North Clark Street, Suite 2300
Chicago, Illinois 60654
Tel.: 312-464-3100
Fax: 312-464-3111
Email: akelly@loeb.com
Email: dmasters@loeb.com
Email: ayuan@loeb.com

Christopher Binns (*pro hac vice* admission pending)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Tel.: (212) 407-4000
Fax: (212) 407-4990
Email: cbinns@loeb.com

*Attorneys for Plaintiffs*