HANGZHOU CHIC INTELLIGENT
TECHNOLOGY CO., LTD and UNICORN
GLOBAL, INC.,

        Plaintiffs,

Case No.: 20-cv-5905

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

        Defendants.

**BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION
OF 3BTECH, INC.**

**INTRODUCTION**

3BTech, Inc.[1] moves to dismiss Plaintiffs' Complaint against it under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. On October 2, 2020, Plaintiffs filed a Complaint against 54 defendants under seal. (Dckt. No. 1.) On October 8, 2020, Plaintiffs immediately thereafter filed an Ex Parte Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery. (Dckt. No. 11.) In response to that, the Court stated, "By October 28, 2020, Plaintiffs shall file a brief addressing whether this Court has personal jurisdiction over the Defendants." (Dckt. No. 18.)

---

[1] 3BTech also does business as DealNinja, BetterChoice Online, and Claimthis. (Barbour Decl. ¶2). Because defendants' identities are currently under seal in this action, it is unknown whether DealNinja, BetterChoice Online, and Claimthis are named.

1

3BTech believes that it may have been named as a defendant in this action, and, therefore submits the following brief In Support Of Its Motion to Dismiss For Lack of Personal Jurisdiction.

Briefly, 3B Tech h is an Indiana-based company and does not regularly conduct business in Illinois. It maintains no employees, offices, agents, or facilities in the State of Illinois. With respect to the subject hoverboards at issue, 3B Tech did not manufacture or design them. It also did not directly market any hoverboards product in Illinois or to Illinois residents. Plaintiffs' allegations that Defendants "solicit[ed] Illinois residents by operating one or more e−commerce stores through which Illinois residents can purchase products featuring the Patents−in−Suit" is not sufficient to establish personal jurisdiction over any defendant. *Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014).

Ultimately, 3BTech does not have the requisite minimum contacts with Illinois for purposes of personal jurisdiction. For that reason and to the extent 3BTech is a named defendant in this action, 3B Tech respectfully requests that the Court dismiss Plaintiffs' Complaint against it for lack of personal jurisdiction.

## BACKGROUND

a. **Factual Allegations**

This matter is a patent infringement case filed against 54 unidentified defendants. (*See generally* Compl.; Minute Entry [Dckt. No. 18].) Plaintiffs allege that Defendants are "making, using, offering for sale, selling and/or importing into the United States for subsequent sale and use of unauthorized and unlicensed products, namely the hoverboards, . . . , that infringe Plaintiffs' patented designs and innovative features. (Compl. ¶2.) With respect to personal jurisdiction over Defendants, Plaintiffs alleged that this "Court may properly exercise personal jurisdiction over Defendants because each of the Defendants directly targets business activities

toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce stores, operating under the Defendant Internet Stores." (Compl. ¶ 5.)

**b.     3BTech, Inc.**

Although Plaintiffs have filed the identities of Defendants' under seal, 3BTech believes it may be one of the unidentified 54 Defendants named in the suit.

3BTech, Inc. is a corporation organized under the laws of Indiana with its principal place of business in South Bend, Indiana. (Barbou Decl. ¶2.) 3BTech is not registered to do business with the Illinois Secretary of State. (Id. ¶3.) It does not own or lease any real property in Illinois, does not have an Illinois address or telephone number, does not pay Illinois taxes, has no bank accounts in Illinois, and has no employees in Illinois. (Id. ¶4.)

Contrary to Plaintiffs' allegations, 3BTech does not "directly target[] business activities toward consumers in . . . Illinois." (Id. ¶5.) 3BTech does not design or manufacture hoverboards. (Id. ¶6.) Although 3BTech distributes products, including hoverboards, though the internet, 3BTech has not directly contacted anyone in the State of Illinois regarding business, it has not traveled to the State of Illinois to solicit business, and it has not directly negotiated any sale or contract with anyone in the State of Illinois. (Id. ¶7.)

## ARGUMENT

Pursuant to Fed. R. Civ. P. 12(b)(2), 3BTech requests that this Court dismiss Plaintiffs' Complaint against it for lack of personal jurisdiction. When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff has the burden of demonstrating personal jurisdiction over the defendant. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In determining whether the court has jurisdiction over a defendant, the court can consider affidavits and other supporting materials. *Id.* Where, as here, the defendant submits affidavits contrary to a

plaintiff's allegation within a complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction. *Id*. n.13 (citing *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). "[T]he plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* at 783.

Whether this Court has jurisdiction over 3BTech in this case is determined by reference to the Due Process Clause of the Fourteenth Amendment and Illinois' state long-arm statute. *See Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Illinois' long-arm statute permits the exercise of jurisdiction to the full extent permitted by the U.S. Constitution. *Id.* (citing 735 Ill. Comp. Stat. 5/2–209(c)). Accordingly, "here the state statutory and federal constitutional inquiries merge," and jurisdiction is present only if 3BTech has sufficient "minimum contacts" with Illinois "such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 700-01 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945)).

## I. General Jurisdiction does not exist over Indiana-based 3BTech because 3BTech is not "at home" in Illinois.

"The nature of the defendant's contacts with the forum state determines the propriety of personal jurisdiction and also its scope—that is, whether jurisdiction is proper at all, and if so, whether it is general or specific to the claims made in the case." *Id.* at 701. General jurisdiction over a corporate defendant exists when it has affiliations "so continuous and systematic as to render the corporation essentially at home in the forum State—*i.e.*, comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 571 U.S. 117 n.11 (2014). A defendant with "continuous and systematic" contacts with a state is subject to general jurisdiction there in any action, even if the action is unrelated to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Given that, "[t]he threshold for general jurisdiction is high; the contacts

4

must be sufficiently extensive and pervasive to approximate physical presence." *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915 (2011).

Here, 3BTech is a corporation organized under the laws of Indiana with its principal place of business in South Bend, Indiana. (Barbour Decl. ¶2.) 3BTech is not registered to do business with the Illinois Secretary of State. (*Id.* ¶3.) 3BTech does not own or lease any real property in Illinois, does not have an Illinois address or telephone number, does not pay Illinois taxes, has no bank accounts in Illinois, and has no employees who work in Illinois. (*Id.* ¶4.)

Given those facts, 3BTech is a foreign corporation without affiliations "so continuous and systematic" as to render 3BTech "essentially at home" in Illinois. 3BTech, as an Indiana-based corporation, is not comparable to a domestic enterprise in Illinois. Accordingly, general jurisdiction does not exist over Indiana.

## II. Specific Jurisdiction does not exist over 3BTech because Plaintiffs' allegations against Defendants are insufficient to establish contacts Defendants have had within Illinois.

Specific jurisdiction requires a showing that the defendant "'purposefully directed' his activities at residents of the forum . . . *and* the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985) (emphasis added). Under specific jurisdiction, a nonresident defendant may be subject to a forum state's jurisdiction based on certain "'single or occasional acts' in the state but only with respect to matters related to those acts." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 923 (2011). Thus, it must be established that "the alleged injury arises out of the defendant's forum-related activities." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014).

Similarly, a corporation's "continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Daimler AG v. Bauman*, 571 U.S. 117, 132 (2014). "[E]ven regularly occurring sales of a product in a State

do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Goodyear*, 564 U.S. at 931. In sum, "it is essential not only that the defendant have minimum contacts with the forum state but also that the plaintiff's claim against the defendant arise out of or relate to those contacts." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426 (7th Cir. 2010).

The U.S. Supreme Court has further clarified that a defendant's mere involvement in a product's stream of commerce is not sufficient to establish jurisdiction. The Supreme Court explained that "it is not enough that the defendant might have predicted that its goods will reach the forum State" or even "an intent to serve the U.S. market." *McIntyre Machinery v. Nicastro*, 564 U.S. 873, 882, 886 (2011). Furthermore, the "relationship must arise out of contacts that the "*defendant himself*" creates with the forum, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528, and must be analyzed with regard to the defendant's contacts with the forum itself, not with persons residing there." *Walden v. Fiore*, 571 U.S. 277, 277 (2014). Contacts between the plaintiff or other third parties and the forum do not satisfy this requirement. *Id.*

To that end and as recognized by this Court in the present case, "the operation of an interactive website does not show that the defendant has formed a contact with the forum state. And, without the defendants creating a sufficient connection (or 'minimum contacts') with the forum state itself, personal jurisdiction is not proper." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014). In the *Advanced Tactical Ordnance* case, the Seventh Circuit addressed the impact of a defendant's online activities on the personal jurisdiction analysis and reiterated that, as with offline activities, the Court must focus upon the deliberate actions of the defendant within the state. *Id.* at 803. The fact that customers might receive emails in the forum state, or might access the website in the forum state, is not important.

The question is whether the defendant "in some way targeted residents of a specific state" or otherwise "formed a contact with the forum state." *Id.* In other words, whether the defendant's activities are online or offline, the analysis is the same, and the Court must still focus on the defendants' contacts "aimed" at the forum state.

Here, neither Plaintiffs' allegations nor the facts establish specific jurisdiction over 3BTech. Plaintiffs allege that "this Court may exercise personal jurisdiction over Defendants because Defendants directly target business activities toward consumers in the United States, including Illinois, through Defendant Internet Stores. Specifically, Defendants are soliciting Illinois residents by operating one or more e-commerce stores through which Illinois residents can purchase products featuring the Patents−in−Suit." (Dckt. No. [14], at 14 of 24). At best, those allegations simply indicate that Defendants "might have predicted that its goods will reach the forum State" or "an intent to serve the U.S. market." Moreover, "the operation of an interactive website does not show that the defendant has formed a contact with the forum state." Ultimately, Plaintiffs' jurisdictional allegation is not sufficient to establish jurisdiction over Defendants under *McIntyre Machinery* or *Advanced Tactical Ordnance*.

The facts further support the lack of personal jurisdiction over 3BTech. Contrary to Plaintiffs' allegations, 3BTech does not "directly target[] business activities toward consumers in . . . Illinois." (Barbour Decl. ¶5.) 3BTech does not design or manufacture hoverboards, apparently at issue in this case. (Id. ¶6.) Although 3BTech distributes products, including hoverboards, though the internet, 3BTech has not directly contacted anyone in the State of Illinois regarding business, it has not traveled to the State of Illinois to solicit business, and it has not directly negotiated any sale or contract with anyone in the State of Illinois. (Id. ¶7.) Accordingly, the facts indicate that specific jurisdiction does not exists over 3BTech in Illinois.

**CONCLUSION**

For those reasons, this Court does not have personal jurisdiction over Indiana-based 3BTech, Inc. As a result and to the extent it is named as defendant in this action, 3BTech respectfully requests that the Court dismiss Plaintiff's Complaint against it for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

Respectfully submitted,

MCCOY LEAVITT LASKEY LLC
Counsel for 3BTech, Inc.

October 27, 2020      By   /s/ Eugene M. LaFlamme
Eugene M. LaFlamme
ILND-GT-11876; ARDC No. 6304557
225 W. Washington Street
Suite 2200
Chicago, IL 60606
Telephone: 262-522-7000
Facsimile: 262-522-7020
elaflamme@MLLlaw.com

Nicholas D. Harken
ILND-6323356; ARDC No. 6323356
N19 W24200 Riverwood Drive, Suite 125
Waukesha, WI 53188
Phone: 262-522-7000
Fax: 262-522-7020
nharken@mlllaw.com