# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. and UNICORN GLOBAL, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-5905 |
| v. | ) ) | Hon. Steven C. Seeger |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) ) ) ) | |
| Defendants. | ) | |

## PRELIMINARY INJUNCTION ORDER

THIS CAUSE being before the Court on Plaintiffs Hangzhou Chic Intelligent Technology Co. ("Chic") and Unicorn Global Inc. ("Unicorn") (collectively, "Plaintiffs") Motion of Entry of a Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiffs' Motion for Entry of a Preliminary Injunction against Defendants who operate e-commerce stores under one or more seller aliases identified in the attached Schedule A and Schedule B (collectively, "Defendant Internet Stores").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since Defendants directly target their business activities toward consumers in the United States, including Illinois. Venue is also appropriate under 28 U.S.C. § 1391(c). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, provide confirmation emails identifying the consumers' addresses, including Illinois addresses, and have

sold products that directly and/or indirectly infringe on Plaintiffs' United States design patents ("Patents-in-Suit") as shown in the chart below to residents of Illinois.

The following table illustrates the figures in the D737,723 patent ("the 'D723 patent").

| Patent Number D737,723 | Claim | Issue Date September 1, 2015 |
|---|---|---|
| | 　FIG.1　FIG.2　FIG.3　FIG.4 | |

| Patent Number | Claim | Issue Date |
|---|---|---|
| D737,723 | FIG.5　FIG.6　FIG.7　FIG.8 | September 1, 2015 |

The following table illustrates the figures in the D738,256 ("the 'D256 patent").

| Patent Number D738,256 | Claim | Issue Date September 8, 2015 |
|---|---|---|
| | FIG.1 FIG.2 FIG.3 FIG.4 FIG.5 | |

4

| Patent Number | Claim | Issue Date |
|---|---|---|
| D738,256 | <br>FIG.6<br>FIG.7<br>FIG.8 | September 8, 2015 |

The following table illustrates the figures in the D785,112 ("the 'D112 patent").

| Patent Number | Claim | Issue Date |
|---|---|---|
| D785,112 | FIG.1, FIG.2, FIG.3, FIG.4, FIG.5 | April 25, 2017 |

6

| Patent Number | Claim | Issue Date |
|---|---|---|
| | <br>FIG.6 | |

The following table illustrates the figures in the D784,195 ("the 'D195 patent").

| Patent Number | Claim | Issue Date |
|---|---|---|
| D784,195 | <br>FIG.1<br><br>FIG.2<br><br>FIG.3 | April 18, 2017 |

7

| Patent Number | Claim | Issue Date |
|---|---|---|
| |  | |

THIS COURT FURTHER FINDS that evidence submitted in support of this Motion establishes that Plaintiffs have demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiffs will suffer irreparable harm if the injunction is not granted. Specifically, Plaintiffs have proved a *prima facie* case of design patent infringement because (1) Plaintiffs are the lawful assignee of all rights, title and interest in and to the Patents-in-Suit, (2) Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that directly and/or indirectly infringe the Patents-in-Suit, and (3) an ordinary observed would be deceived into thinking the products sold on Defendant Internet Stores

8

("Infringing Products") are the same as the products manufactured and sold by Plaintiffs that utilize the Patents-in-Suit ("Plaintiffs' Products"). Furthermore, Defendants' continued and unauthorized use of the Patents-in-Suit irreparably harms Plaintiffs through loss of customer goodwill, reputational harm, and Plaintiffs ability to exploit the Patents-in-Suit. Monetary damages fail to address such damage and, therefore, Plaintiffs have an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

As such, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

   a. offering for sale, selling, and importing any products not authorized by Plaintiffs and that include any reproduction, copy or colorable imitation of the design claimed in the Patents-in-Suit;

   b. aiding, abetting, contributing to, or otherwise assisting anymore in infringing upon the Patents-in-Suit; and

   c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

2. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be restrained and enjoined from transferring or disposing of any money or other Defendants' assets until further ordered by this court. Except that this paragraph shall not apply to any defendant in Schedule B for whom Plaintiffs receive official registration

documents filed with any state's Secretary of State (or analogous business registration agency), showing that such defendant is actively registered or based in a U.S. state but outside of the Northern District of Illinois. If Plaintiff had requested that any person restrain the transfer and disposition of any such defendant's assets prior to Plaintiffs' receipt of such documentation, within 10 days of receipt of such documentation Plaintiffs will instruct such person to remove the restraint.

3. Plaintiffs may file a motion, as appropriate, to obtain compliance with the terms of this Order by third parties.

4. Plaintiffs may provide notice of these proceedings to Defendants including any future motions by sending an email to any email addresses provided for Defendants by the Third Party Providers. Providing notice via e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

5. The Complaint, Amended Complaint, Second Amended Complaint, and Exhibits 1, 2, 3, 4, and 5 to the aforementioned documents; Schedule A attached to the Complaint; Schedule A and Schedule B attached to the Amended Complaint; Plaintiffs' Motion for entry of a Preliminary Injunction order, including a Preliminary Injunction, a Temporary Asset Restraint, and Expedited Discovery, and accompanying supporting memorandum, declarations of Jiawei Ying and Jinyuan Lei, and Plaintiffs' Motion for Electronic Service of Process Under Fed. R. Civ. P. 4(f)(3), and accompanying supporting memorandum, declaration of Arthur Tan-Chi Yuan, and accompanying exhibits; Plaintiffs' Notification of Affiliates; and Plaintiffs' Notice of Claims Involving Patents, and the Preliminary Injunction are unsealed.

6. Plaintiffs $100,000 bond, posted on December 29, 2020, shall remain posted and shall satisfy the bond posting requirement for this preliminary injunction order.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order.

DATED: March 8, 2021

Steven C. Seeger
United States District Judge

## SCHEDULE A

### AMAZON

| No. | MERCHANT NAME | MERCHANT SELLER ID | ASIN |
|---|---|---|---|
| 1. | CXMScooter | A9SL8XSYVWJ7J | B08B3CDSJ8; B08G87H165; B08B3LBGFH; B08B38H3QG; B07TWZZY9C |
| 2. | Babyee | A3K7FR6477GWTF | B08CS7VD1F; B08CS6WQR8 |
| 3. | ξ YIZmo0 | A1DL87JE43IO5Y | B088D4VWNL; B088DWLCB7 |
| 4. | BESHGB | A3RQYGH645JE3L | B083DVR9BK |
| 5. | Runchenyun | AW9IVF0R92969 | B07SJLP7JB; B07WPK7KY3; B07SKNY527; B07SJLNJ33 |
| 6. | WangQingYu | A2KEKYRU06HOCL | B08K3GKV4N |
| 7. | XTSP | A14N9EUKT54BIK | B08JFT7228 |

## SCHEDULE B

**Walmart**

| No. | MERCHANT NAME | MERCHANT URL |
|---|---|---|
| 1. | DropAir/RJS Enterprises | https://www.walmart.com/reviews/seller/101013790?offerId=5E771937515F4CD1BDE06C8DC2697F69 |
| 2. | D.G.I | https://www.walmart.com/ip/Flash-Wheel-Certified-Hoverboard-6-5-Bluetooth-Speaker-with-LED-Light-Self-Balancing-Wheel-Electric-Scooter-Chrome-Pink/375490504?variantFieldId=actual_color |