**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO. and UNICORN GLOBAL, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-5905 |
| v. | ) ) | Hon. Steven C. Seeger |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) ) ) | |
| Defendants. | ) ) | |

**<u>DEFAULT JUDGMENT ORDER</u>**

This action having been commenced by Plaintiffs Hangzhou Chic Intelligent Technology Co. and Unicorn Global, Inc. ("Plaintiffs") against certain online sellers of hoverboards, and Plaintiffs having moved for entry of Default and Default Judgment against CXMScooter, Babyee, YIZmo0, BESHGB, WangQingYu, and XTSP ("Defaulting Defendants");

This Court having entered upon a showing by Plaintiffs a temporary restraining order and preliminary injunction against Defaulting Defendants which included an asset restraining order;

Plaintiffs having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired, the allegations of the Complaint are uncontroverted and are deemed admitted;

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defaulting Defendants since Defendants directly target their business activities toward consumers in the United States, including Illinois. Venue is also appropriate under 28 U.S.C. § 1391(c). Specifically, the Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, provide confirmation emails identifying the consumers' addresses, including Illinois addresses, and have sold products that directly and/or indirectly infringe on Plaintiffs' United States design patents ("Patents-in-Suit") as shown in the chart below to residents of Illinois.

The following table illustrates the figures in the D737,723 patent ("the 'D723 patent").

| Patent Number D737,723 | Claim | Issue Date September 1, 2015 |
|---|---|---|
| |  FIG.1 <br> FIG.2 | |

| Patent Number D737,723 | Claim | Issue Date September 1, 2015 |
|---|---|---|
| | <br><br>FIG.3<br><br>FIG.4<br><br>FIG.5<br><br>FIG.6 | |

| Patent Number D737,723 | Claim | Issue Date September 1, 2015 |
|---|---|---|
| | FIG.7<br><br>FIG.8 | |

The following table illustrates the figures in the D738,256 ("the 'D256 patent").

| Patent Number D738,256 | Claim | Issue Date September 8, 2015 |
|---|---|---|
| | FIG.1<br><br>FIG.2 | |

4

| Patent Number D738,256 | Claim | Issue Date September 8, 2015 |
|---|---|---|
| | <br><br>FIG.3<br><br>FIG.4<br><br>FIG.5<br><br>FIG.6 | |

| Patent Number D738,256 | Claim | Issue Date September 8, 2015 |
|---|---|---|
| |  FIG.7 FIG.8 | |

The following table illustrates the figures in the D785,112 ("the 'D112 patent").

| Patent Number | Claim | Issue Date |
|---|---|---|
| D785,112 | FIG.1<br><br>FIG.2<br><br>FIG.3<br><br>FIG.4<br><br>FIG.5 | April 25, 2017 |

| Patent Number | Claim | Issue Date |
|---|---|---|
| |  FIG.6 | |

The following table illustrates the figures in the D784,195 ("the 'D195 patent").

| Patent Number | Claim | Issue Date |
|---|---|---|
| D784,195 |  FIG.1 FIG.2 FIG.3 | April 18, 2017 |

| Patent Number | Claim | Issue Date |
|---|---|---|
| | <br>FIG.4<br><br>FIG.5<br><br>FIG.6 | |

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for patent infringement.

IT IS HEREBY ORDERED that Plaintiffs' Motion for Entry of Default and Default Judgment is GRANTED as stated in this Order, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Under 35 U.S.C. § 289, Plaintiffs are awarded $10,000 in profits from each of the Defaulting Defendants for infringing use of Plaintiffs' designs.

2.    Plaintiffs may serve this Order on Third Party Payment Providers, including PayPal and Amazon Pay, by email delivery to the email addresses Plaintiffs used to serve the Temporary Restraining Order or Preliminary Injunction Order on such Third Party Payment Providers.

3.    Plaintiffs may enforce this Default Judgment as provided in the Federal Rules of Civil Procedure.

Date:   May 26, 2021

_____

Steven C. Seeger
United States District Judge